IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, ) ) ) | |
| Plaintiff, ) | C.A. No. 2:19-cv-00263-RMG-MGB |
| ) | |
| v. ) | |
| ) | |
| MASSEY SERVICES, INC., ) | |
| ) | |
| Defendant. ) ) | |

## CONSENT DECREE

The Equal Employment Opportunity Commission ("the Commission"), instituted this action pursuant to Sections 102(a), 102(b)(5)(A), and 503(a) of the Americans With Disabilities Act of 1990, as amended ("ADA"), 42 U.S.C. §§ 12112(a), 12112(b)(5)(A), 12203(a), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a. The Commission alleged that Defendant Massey Services, Inc. ("Defendant") discriminated against Charging Party Annie Mitchell ("Mitchell") on the basis of her disability, failed to provide accommodation and retaliated against her. Defendant denied violating the ADA.

The Parties have engaged in settlement negotiations and have agreed that this action should be resolved by entry of this Consent Decree. The Parties, hereby stipulate to jurisdiction of the Court and agree that the subject matter of this action is properly before the Court. The Parties have advised this Court that they desire to resolve the allegations in the Complaint without the burden, expense, and delay of further litigation.

It is therefore the finding of this Court, made on the pleadings and the record as a whole, that: (1) the Court has jurisdiction over the Parties and the subject matter of this action; (2) the

1

purpose and provisions of the ADA will be promoted and effectuated by the entry of the Consent Decree; and (3) this Consent Decree resolves all matters in controversy between the parties as provided in paragraphs 1 through 28 below.

It is **ORDERED, ADJUDGED AND DECREED:**

1. Defendant is enjoined from violating the ADA and shall not discriminate nor take adverse employment actions against qualified individuals on the basis of their disabilities or on the basis of the need to accommodate their disabilities, and further shall provide reasonable accommodations to such qualified disabled individuals.

2. Defendant is enjoined from retaliating against any person because that person has opposed any practice made unlawful by the ADA, filed a charge of discrimination, and/or testified, assisted, or participated in any investigation, proceeding, or hearing under the ADA.

3. The provisions of this Decree shall apply to all of Defendant's operations, unless otherwise stated.

4. The term of this Consent Decree shall be for two (2) years from its entry by the Court.

## SPECIFIC RELIEF TO CHARGING PARTY

5. Defendant shall pay Mitchell the sum of Sixty-Three Thousand, Eighty-Nine Dollars and Thirteen Cents ($63,089.13) in settlement of the claims raised in this action.

6. Payment shall be made by check within seven (7) business days after entry of this Decree. Defendant shall mail the check by certified mail or express delivery to Mitchell at an address provided by the Commission. Within seven (7) business days after the check(s) have been sent, Defendant shall send to the Commission a copy of the check(s) and proof of delivery to Mitchell. Neither the Commission nor Defendant make any representation or assume any

responsibility for any tax liability, assessments, interest, penalties and/or costs that Mitchell may or may not incur on such payments under local, state and/or federal laws.

7.    Within seven (7) business days of the entry of this Consent Decree, Defendant shall eliminate from any of Mitchell's employment records all documents, entries, or references of any kind relating to the facts and circumstances which led to the filing of EEOC Charge Number 14C-2017-00422 and the related events that occurred thereafter, including this litigation. Defendant shall report compliance with this provision to the Commission within seven (7) business days of completion.

## POLICIES

8.    To the extent it has not already done so prior to entry of this Decree, Defendant shall ensure that any and all policies related to medical leaves of absence explicitly and prominently state:

    A.    that the Defendant has modified its prior policies and will now make exceptions to any leave provisions by providing unpaid medical leave when necessary to provide reasonable accommodations to employees with disabilities; and

    B.    that any employee who requires medical leave shall have a mechanism by which to make a reasonable accommodation request for such leave in accordance with Defendant's procedures.

9.    To the extent it has not already done so prior to entry of this Decree, Defendant shall:

    A.    implement and disseminate to all existing employees a modified ADA Reasonable Accommodation policy which guarantees that efforts to provide reasonable accommodations for individuals covered under the ADA will include interactive communications

and individualized assessments to determine what accommodations would be reasonable and effective given the circumstances of each respective disabled individual;

   B. designate specific individuals or positions to which requests for accommodations should be directed by applicants or employees; and

   C. distribute to employees information clearly explaining not only their right to request an accommodation, but also the process for exercising that right under Defendant's modified policy.

  10. Defendant shall implement and disseminate a policy that sets forth its obligations under the ADA not to retaliate against any individual who engages in protected activity. Defendant's anti-retaliation policy shall also include a procedure for handling complaints of discrimination and retaliation.

  11. Within sixty (60) business days of the entry of this Consent Decree, Defendant shall distribute to each current employee a copy of the policies described above in paragraphs 8 through 10. Within seven (7) business days of dissemination of those policies, Defendant shall report its compliance to the Commission. During the term of this Consent Decree, Defendant shall distribute the policies to all new employees and have all new employees confirm they have received and understand the policies described in Paragraphs 8 through 10.

  12. During the term of this Consent Decree, Defendant shall provide an annual training program to all of its management personnel and to all persons with job duties that relate to processing, investigating, reviewing, and/or making decisions concerning complaints of discrimination and requests for reasonable accommodation. Defendant will also provide its policy on reasonable accommodation, the interactive process and process by which team members can request accommodation to all other employees. Defendant will obtain the EEOC's approval of its

proposed trainer prior to the commencement of the training sessions described in this Paragraph. The EEOC shall not unreasonably withhold its approval. Each training program shall promote Defendant's compliance with federal anti-discrimination laws, with an emphasis on Defendant's duty under the ADA (i) not to discriminate against qualified individuals based on their disabilities, (ii) to provide reasonable accommodations to qualified individuals with disabilities, through an interactive process; and (iii) not to retaliate against individuals who engage in protected activity. Each training program shall also include an explanation of Defendant's policies referenced in paragraphs 8 through 10 above, and an explanation of the rights and responsibilities of employees and managers under the policies.

13.     The first training program shall be completed within ninety (90) business days after entry of this Consent Decree by the Court. Each subsequent training program shall be conducted at approximate one-year intervals. At least twenty (20) business days prior to each program, Defendant shall submit to the Commission an agenda for the training program by electronic mail sent to EEOC-ATDO-decree-monitoring@eeoc.gov. Defendant should presume that the agenda is approved unless contacted by the Commission regarding the agenda within five (5) business days of submission of the agenda. Within seven (7) business days after completion of each training program, Defendant shall certify to the Commission the specific training which was undertaken. This certification shall include the dates, times, locations of the training, and the identities of all trainers and attendees.

## POSTING

14.     Within seven (7) business days after the entry of this Consent Decree, and continuing throughout the term of this Consent Decree, Defendant shall conspicuously post the attached Employee Notice marked Exhibit A, hereby made a part of this Consent Decree, within its Service Centers in South Carolina and North Carolina in a place where it is visible to all employees. If the Notice becomes defaced or unreadable, Defendant shall replace it by posting another copy of the Notice. Within seven (7) business days of the posting of this Notice, Defendant will report compliance with this provision to the Commission.

## REPORTING REQUIREMENTS

15.     During the term of this Consent Decree, Defendant shall provide the Commission with annual reports, with the first being due six (6) months after entry of this Consent Decree. Each report shall identify all persons who: (a) filed a charge of discrimination with a federal, state or local agency, or (b) complained to Defendant utilizing the mechanisms afforded in the policies described in Paragraphs 8 through 10 of this Consent Decree, regarding disability discrimination or retaliation during the reporting period, any witnesses to such alleged matters, and any persons allegedly involved in the reported discriminatory employment decisions and/or conduct. Specifically, such identification shall include:

    A.     the date of the complaint;

    B.     the nature of the complaint;

    C.     the name, address, telephone number(s), and job title of each person who made the complaint;

    D.     the name, address, telephone number(s), and job title of each person who was alleged to have engaged in discriminatory or retaliatory conduct;

    E. the name, address, telephone numbers and job titles of each person whom Defendant contacted, interviewed, or otherwise obtained information from concerning the complaint; and

    F. a detailed description of all action taken in response to each complaint.

16. Each report required by paragraph 15 shall include copies of all documents reflecting the action(s) Defendant took to investigate each complaint and copies of any statements obtained.

17. In the event, there are no complaints to report pursuant to paragraph 16, Defendant shall send the Commission a "negative" report indicating no activity.

18. Each report required by paragraph 15 shall include certification by Defendant that the Notice required to be posted pursuant to this Decree remained posted during the entire period required.

## DISPUTE RESOLUTION AND COMPLIANCE REVIEW

19. The Commission may review compliance with this Consent Decree. As part of such review, the Commission may inspect Defendant's offices, interview employees, and examine and copy documents with 72 hours-notice to Defendant's counsel.

20. If at any time during the term of this Consent Decree, the Commission believes that Defendant is in violation of the Consent Decree, the Commission shall give notice of the alleged violation to Defendant. Defendant shall have ten (10) business days in which to investigate and respond to the allegations. Thereafter, the parties shall then have a period of ten (10) business days, or such additional period as may be agreed upon by them, in which to engage in negotiation regarding such allegations before the Commission exercises any remedy provided by law.

21. All notices to Defendant by the Commission pursuant to this Consent Decree shall be sent by electronic mail to: shudson@zkslawfirm.com and jpharris@masseyservices.com; or (2) if by regular mail to J. Scott Hudson, Esq., Zimmerman, Kiser & Sutcliffe, P.A., 615 E. Robinson Street, Suite 600, Orlando, Florida 32801. If Defendant's designated point of contact changes at any time during the term of this Consent Decree, Defendant shall notify the Commission and provide contact information for a new designated point of contact within seven (7) business days of the change.

22. All reports or other documents sent to the Commission by Defendant pursuant to this Consent Decree shall be sent by electronic mail to: (1) EEOC-ATDO-decree-monitoring@eeoc.gov; or (2) if by regular mail to – Antonette Sewell, Regional Attorney, Equal Employment Opportunity Commission, Atlanta District Office, 100 Alabama Street, SW, Suite 4R30, Atlanta, Georgia 30303.

23. Each party shall bear its own costs and attorneys' fees.

24. All claims brought by the Commission against Defendant in the instant action (Civil Action No. 2:19-cv-00263) shall be dismissed with prejudice, subject to this Court's jurisdiction to enforce provisions of this Consent Decree.

25. If any provision(s) of this Consent Decree is found to be unlawful, only the specific provision(s) in question shall be affected and the other provisions will remain in full force and effect.

26. The terms of the Consent Decree are and shall be binding upon (a) Defendant (b) all present and future parents of Defendant; (c) all present and future subsidiaries and/or affiliates of Defendant; and (d) all present and future owners, officers, directors, employees, agents, trustees, administrators, successors, representatives, or assigns of Defendant.

27. This Consent Decree constitutes the entire agreement and commitments of the parties. Any modifications to this agreement must be mutually agreed upon and memorlalized in a separate writing signed by Defendant and the Commission and approved by the Court.

28. This Court shall retain jurisdiction of this case for purposes of monitoring compliance with this Decree and entry of such further orders as may be necessary or appropriate. The parties jointly request that the Court approve and enter the Consent Decree:

| | |
|---|---|
| **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION** | **FOR DEFENDANT** |
| | *Jennifer Pharris* (signature) |
| Keyana C. Laws (*pro hac vice*) | Jennifer Pharris |
| Senior Trial Attorney | Director of Human Resources |
| Atlanta District Office | Massey Services, Inc. |
| 100 Alabama St., SW, Suite 4R30 | 315 Groveland Street |
| Atlanta, Georgia 30303 | Orlando, Florida 32804 |
| Telephone: (404) 562-6823 | |
| Facsimile: (404) 562-6905 | *Molly H. Cherry* (signature) |
| keyana.laws@eeoc.gov | s/Molly H. Cherry |
| | Molly Hughes Cherry (Fed ID No. 7067) |
| *Rachael Steenbergh-Tideswell* (signature) | NEXSEN PRUET, LLC |
| RACHAEL S. STEENBERGH-TIDESWELL | 205 King Street, Suite 400 (29401) |
| South Carolina Federal Bar No. 10867 | P.O. Box 486 |
| Senior Trial Attorney | Charleston, South Carolina 29402 |
| Charlotte District Office | Phone: 843.577.9440 |
| 129 West Trade Street, Suite 400 | Facsimile: 843.414.8209 |
| Charlotte, North Carolina 28202 | Email: MCherry@nexsenpruet.com |
| Telephone: (704) 954-6472 | |
| Facsimile: (704) 954-6412 | J. Scott Hudson |
| Email: rachael.steenbergh@eeoc.gov | Admitted Pro Hac Vice |
| | ZIMMERMAN KISER SUTCLIFFE |
| **ATTORNEYS FOR PLAINTIFF** | 315 East Robinson Street |
| | Suite 600 |
| | Orlando, Florida 32801 |
| | Email: shudson@zkslawfirm.com |
| | |
| | **ATTORNEYS FOR DEFENDANT MASSEY SERVICES, INC.** |

**IT IS SO ORDERED:**

Signed and entered this ___3rd___ day of ___January___, 2020.

_____
United States District Judge
U.S. District Court for the District of South Carolina

10

EXHIBIT A



# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

**NOTICE TO EMPLOYEES**

This Notice is being posted pursuant to a federal court order voluntarily resolving a lawsuit brought by the United States Equal Employment Opportunity Commission (EEOC) against Massey Services. In that lawsuit called *EEOC v. Massey Services, Inc.*, Case No. 2:19-cv-00263, the EEOC alleged that Massey Services violated the Americans with Disabilities Act, as amended (ADA), 42 U.S.C. §12101e, *et seq.*, by discriminating against an former employee because of disability.

The ADA prohibits discrimination against qualified employees and applicants with disabilities. The law also prohibits an employer from retaliating against any employee for opposing employment discrimination, including the filing of charges with the EEOC and/or for participating in any proceeding that addresses discrimination complaints. The EEOC is a federal agency which investigates charges of unlawful employment discrimination and brings lawsuits in federal court to enforce the ADA.

Massey Services will comply with such federal law in all respects. Furthermore, Massey Services will not take any actions against employees because they have exercised their rights, reported an alleged violation under the law, or given testimony, assistance or participation in any investigation, proceeding or hearing conducted by the U.S. Equal Employment Opportunity Commission.

An employee has the right, and is encouraged to exercise that right, to report allegations of employment discrimination in the workplace. An employee may contact their local EEOC field office for the purpose of filing a charge of employment discrimination. If you believe you have been discriminated against, you may contact the EEOC at **(800) 669-4000** or TTY **(800) 669-6820**.

**This Notice must remain posted for two years from the date below and must not be altered, defaced, or covered by any other material.**

Dated: _____          _____

                                      Jennifer Pharris
                                      Director of Human Resources
                                      Massey Services, Inc.